Alphonse Gelinas  
vs.  } No. 81082.  
Peter Geanocou  

## DECISION.

February 4, 1930.

FROST, J. Heard on plaintiff's motion for new trial after verdict for plaintiff in the sum of $2500. The motion is based upon the sole ground of inadequacy of damages.

On July 11, 1929, plaintiff, a man fifty-five years of age, was driving an automobile which was in collision with defendant's automobile. Plaintiff's machine was overturned and plaintiff was taken from it in an unconscious condition. He was carried to the Woonsocket Hospital where he remained three weeks. For the first two weeks he was confined to his bed while during the third week he got about in a wheel chair.

Dr. Thomas J. McLaughlin attended him and testified that the seventh, eighth, ninth, tenth, eleventh and probably the twelfth ribs on the left side posteriorly were fractured. There were also bruises and contusions as well as probable injury to kidney and lung. Whatever injury there was to kidney and lung cleared up. The ribs were strapped up and are now in good position. The condition was a painful one and plaintiff still feels pain at times across his chest.

Plaintiff is a carpenter and was earning at the time of the accident one dollar an hour or from forty-five to forty-eight dollars per week. His doctor thought that he would require medical treatment for another two months and that he could not use saw and hammer at the present time. Plaintiff has a bill from the hospital for $94 and Dr. McLaughlin testified that the value of his services was $500.

The jury saw the plaintiff on the witness stand, observed his motions, heard his testimony as well as that of Dr. McLaughlin, and may well have reached the conclusion that he could do some light work at the present time.

Plaintiff's counsel at the hearing on his motion for new trial cited a number of cases involving broken ribs. The Court has examined all of them and they bear out measurably the contention that a larger verdict than the present one could not be considered excessive. They do not, however, say how small a verdict might be and still be considered adequate. The problem here is to determine not whether the verdict of the jury is excessive but whether it is inadequate. As our Court said in *Dupbe* vs. *Bonin* Spinning Co., 137 Atl. Rep. 1, "It is a difficult question for either the jury or the Court to assess with fairness to both parties the amount properly to be given in compensation for pain and suffering," and again, in *McGowan* vs. *Interstate Consolidated Street Railway Company*, 20 R. I. 264, "And, unless the verdict is such as to shock the conscience, and clearly show that the jury must have been influenced by passion or prejudice, or that they proceeded upon some erroneous basis in arriving at their conclusion, the Court will not interfere therewith." In the present case the jury awarded the plaintiff a substantial amount. The Court having seen the witnesses and having heard the testimony believes the verdict to be a fair and just one and not so low as not to be compensatory. The motion is therefore denied.

For plaintiff: John R. Higgins.

For defendant: Boss, Shepard & McMahon.